UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

ACCESS 4 ALL, INC.
A Florida Not-for-Profit Company
and OWEN HARTY, individually

    Plaintiffs,

vs.

Case No. 3:08-cv-319-FDW-DCK

KPN HOTELS, LLC, a Georgia limited liability
company, and SHREEJI HOSPITALITY
AIRPORT, a North Carolina limited liability
company

    Defendants.

## **CONSENT DECREE**

Plaintiffs, Access 4 All, Inc. a Florida Not-for-Profit Company and Owen Harty, individually (hereinafter collectively referred to as the "Plaintiffs") filed a complaint alleging violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 against Defendants, KPN Hotels, LLC, a Georgia limited liability company and Shreeji Hospitality Airport, LLC, a North Carolina limited liability company. The Plaintiffs have previously filed a dismissal as to KPN Hotels, LLC, so the provisions of this Consent Decree shall only apply to Shreeji Hospitality Airport, LLC (hereinafter referred to as the "Defendant"). The Plaintiffs seek, among other relief, injunctive relief compelling the Defendant to modify the hotel owned by it to make it readily accessible to Plaintiffs and all other persons with disabilities. The Plaintiffs and Defendant hereby consent to the entry of this decree. This Consent Decree and the parties' endorsements upon it do not constitute admissions of fact or law, fault or liability, by any party. It is now ORDERED AND ADJUDGED, and DECREED as follows:

### I. **JURISDICTION**

This Court has jurisdiction over the subject matter of this action and has personal jurisdiction over the parties to this Consent Decree. The parties, as represented by

counsel, agree that the terms of this Consent Decree are valid and binding. Furthermore, the parties agree that this Consent Decree and its construction are governed by North Carolina law. Any proceeding arising under or as a result of this Consent Decree shall be filed in the United States District Court for the Western District of North Carolina, Charlotte Division, which shall retain jurisdiction for enforcement purposes hereof.

## II. DEFINITIONS

The following definitions shall apply in this Consent Decree: (1) the "ADA" means the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213; (2) "ADAAG" means 28 C.F.R. Chapter 1, part 36, App. A (7-1-98); and (3) "Hotel" means the Quality Inn and Suites Hotel located at 3100 Queen City Drive, Charlotte, NC, which is the subject of this action.

## III. RESPONSIBILITY OF DEFENDANT

The Plaintiffs and Defendant have identified the items listed below, that will be corrected or modified. The Defendant does not admit that the items listed are a violation of ADA, but agrees to modify or make the repairs to the items listed below. All of the repairs and improvements shall be made in accordance with the provisions of ADA and ADAAG.

| ITEMS | ACTIONS TO BE TAKEN |
|---|---|
| A. Accessible parking spaces near the primary entrance to the hotel | Install a van accessible space on the right side of the building adjacent to the Hotel office entrance to include a cut-out, "parallel" curb ramp, and relocate the large round planter |
| B. Access aisles adjacent to accessible parking space | Demo and replace the existing curb ramps with shorter length built-up curb ramps. The ramps shall not extend into the embarking/ disembarking area or exceed a maximum length of 48 inches from the sidewalk edge, or 8 inches beyond the wheel stops |
| C. Curb ramps need detectible warning | Install a strip of detectible warning material after renovation of the curb ramps |

3950-NC

2

| | |
|---|---|
| D. Adequate number of handicap accessible rooms | Add one additional handicap accessible room to Hotel |
| E. Accessible rooms with roll-in shower | Provide two handicap accessible guest rooms, with roll-in showers |
| F. Rooms for persons with hearing impairment | Purchase five portable room kits, which include sonic Boom alarm clock with bed vibrator, wireless door bell and a telephone signaling device; install a sign at the Hotel desk advising that these devices are available to guests at no charge |
| G. Insufficient space between beds and furniture | Rearrange all handicap accessible rooms to allow the minimum space of 36 inches between beds and reverse the swing of the door to the bathroom to allow for proper floor clearances at the point of entry |
| H. Location of electrical outlets and communication system receptacles | Relocate electrical outlets and communication receptacles in the accessible rooms to comply with the ADA and install a fixed power supply unit (power strip) containing a phone jack to be mounted in locations where the receptacles do not comply with the clear floor or ground space required for wheelchairs as described in ADAAG |
| I. Room identification signs | Purchase and install new signs for all handicap accessible rooms |
| J. Maintain equipment for | Insure that all equipment required to be accessible and/or persons with disabilities used by persons with disabilities is in good working order |
| K. Tub/shower seats in the handicap accessible rooms | Purchase portable shower benches for use in accessible rooms offering tub/shower combination. In rooms with roll-in shower units, a fixed bench will be installed |
| L. Tub controls in accessible rooms | Replace existing controls with paddle or lever style handles |
| M. Door handles for closets and accessible dress rooms | Install door handles with lever or paddle style handles |

| | |
|---|---|
| N. Grab bars in tub/shower units | Insure that all grab bars are installed and located within of the tub/shower units of the accessible rooms |
| O. Shuttle service to accommodate wheelchair users | A sign indicating the availability of this service shall be installed at the front desk and/or in conjunction with any advertising of the shuttle service provided by the Hotel |
| P. Pool access | Install hand rails to each side of the slope portion of the accessible route to the pool |
| Q. Depth of the dining tables provided in the breakfast/ lobby area | Provide an additional table which meets the required knee clearances and add a small sign to the table indicating that it may be reserved for disabled individuals |
| R. Parking signs | Modify all parking signs to contain the language required by NCGS Section 20-37/6(d) |
| S. Policies and Procedures | Defendant shall implement the following policies and procedures by July 1, 2009: |

(1) Defendant shall include a procedure in employee training as well as information about assorted services provided to people with disabilities and how to use them per § 36.302 of the ADAAG.

Defendant shall train staff on check-in procedure, when checking in guests who identify themselves as having disabilities such as informing them about what to do in case of a fire, asking if they need an alarm, bench, paddle key, and instructions on how to use the close caption on the television, etc. during their stay.

(2) Defendant shall also train staff to lower all the shower units (once installed), and set up the alarm kits upon check-in of a person with a disability.

(3) Defendant shall make available to any quest that requests the fire safety information and upon request make reasonable provisions to verbally advise or read

4

to a disabled guest the Hotel policies regarding checkout, meals, guest service guides and other Hotel information.

(4) Defendant shall implement a policy of advising disabled guests of the availability of ADA compliant tub seats.

(5) Defendant's staff shall, upon request, provide assistance in completing registration information, service request forms and shall read menus, hotel bills and other documents to the guests where Braille, tape, or large print documents are not available.

(6) When handing currency to a disabled guest, Defendant's personnel shall individually identify each bill to the customer while counting.

(7) Credit cards shall be handed to guests by the Defendants employees after imprinting. Defendant shall also provide signature templates for use with persons who are visually impaired.

(8) Defendant's personnel shall give verbal descriptions, hands-on demonstrations, and/or provide tactile maps, large-print maps, or recorded materials as aids to way finding for disabled guests.

(9) . Defendant shall maintain a list of updated available accessible rooms.

(10) Defendant agrees to monitor the condition of the sidewalks and walkways throughout the property to ensure that the surface of the path of travel remains even and unbroken. Defendant agrees that when the surface becomes broken and no longer offers a smooth path of travel to the hotel or amenities that will perform repairs.

(11) Defendant shall require all personnel to aid in monitoring the designated accessible parking spaces as well as the accessible routes throughout the property to ensure that the parking spaces have not

been illegally parked in, and also to ensure that the accessible route has not become blocked.

(12) Defendant shall develop an evacuation plan that seeks to accommodate people with disabilities in the event of an emergency.

(13) Defendant shall train its staff as to how to assist persons with disabilities who are desirous of getting entry into and out of the hotel swimming pool.

(14) Defendant agrees to monitor the condition of the sidewalks and walkways throughout the property to ensure that the surface of the path of travel remains even and unbroken.

(15) Defendant agrees to maintain the parking spaces within the property so that the paint is always clearly visible.

(16) Defendant agrees to monitor the parking spaces on a reasonable basis.

(17) Defendant agrees to have written policies and procedures available either at the front desk or in the rooms designated as accessible rooms, to assist persons with disabilities

Items designated as C and D above shall be completed by September 1, 2009. All other items shall be completed by July 1, 2009.

Upon completion of the items listed above, the Defendant shall give Notice (as defined in Paragraph IX) to the Plaintiffs. The Defendant shall complete all modifications and submit to Plaintiffs' counsel a report summarizing the actions it has taken pursuant to this Consent Decree by October 15, 2009.

In any action to enforce or interpret this Consent Decree, the prevailing party shall be entitled to attorneys' fees, costs, and expert fees.

## IV. RESPONSIBILITY OF PLAINTIFF

6

Plaintiffs shall be afforded access to the Hotel as reasonable times to confirm that the items set forth in Paragraph III have been completed in accordance with such paragraph. In the event that the Plaintiff contend that the Defendant has not completed the items in accordance with the provisions of this Consent Decree, Notice shall be given to the Defendant setting forth in detail the items that the Plaintiffs contend have not be satisfactorily completed. In the event that Notice is not given by the Plaintiff to the Defendant within 120 days of the date that the Defendant submits the report required under Article III it shall be conclusive that the Defendant has fully complied with its obligations under this Consent Decree.

## V. ATTORNEY'S FEES, EXPERT WITNESS FEES AND LITIGATION EXPENSES

The Defendant shall pay to Plaintiff's counsel, Fuller, Fuller & Associates, P.A. the sum of $12,500.00 on or before April 13, 2009, in full satisfaction of any and all obligations of the Defendant for payment of attorneys' fees, expert witness fees and costs.

## VI. PARTIES BOUND

This Consent Decree shall be binding upon and inure to the benefit of Defendant and Plaintiffs and their respective officers, directors, agents, successors and assigns. Defendant and Plaintiffs shall perform their obligations under this Consent Decree in good faith. Upon Defendant's performance of its obligations hereunder, Defendant will be deemed to have satisfied its responsibilities and obligations, and those requirements, under Title III of the ADA. The parties agree to the entry of this Consent Decree intending to preclude any further litigation under Title III of the ADA or any similar state law claim against Defendant pertaining to the Hotel. Any action to enforce this Consent Decree shall be timely only if Notice is given within 120 days of the date that the Defendant submits the report required under Article III 9, and action or proceedings are filed by within 120 days of the aforesaid Notice is given by the Plaintiff to the Defendant contending that there has been an alleged violation of this Consent Decree. Except as otherwise agreed to in writing signed by Plaintiffs and Defendant any action under this Agreement shall be time-barred if not brought within such time.

## VII RELEASE

Subject only to performance of the terms and conditions of this Consent Decree or waiver by failure to give Notice as provided in Paragraph IV, Plaintiffs, their respective spouses, executors, representatives, heirs, affiliated and related entities, present, former, or future officers, directors, shareholders, agents, employees,

7

representatives, consultants, attorneys, successors, assigns and any person or entity claiming by, through, or under the Plaintiffs, in consideration of the relief set forth in this Consent Decree, fully and finally release and forever discharge Defendant, its predecessors, successors, affiliated and related entities, and its present, former, or future officers, directors, shareholders, agents, employees, representatives, consultants, attorneys, successors, and assigns from any and all past and/or present claims, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of every kind that were or could have been brought, known or unknown, based on any and all claims arising under the ADA or any similar state or local law concerning accessibility for disabled individuals pertaining to the Hotel that have been or could have been brought or asserted in this action, in any action in any court of competent jurisdiction, or in any arbitration or federal or state agency administrative proceedings. This release applies only to the Quality Inn & Suites at 3100 Queen City Drive, Charlotte, NC.

## VIII. NOTICE, ADMISSIBILITY, COMPLIANCE AND GOOD FAITH

The parties agree, and the Court finds and concludes, as follows:

A.  Due and sufficient notice of the entry of this Consent Decree has been provided to all parties and their counsel.

B.  The Plaintiffs and Defendant have entered into this Consent Decree with the express understanding that it is inadmissible in other proceedings as it is the product of settlement negotiations and promotes the performance of remedial acts.

C.  Except as provided herein, this Consent Decree and the parties' endorsements upon it do not constitute admissions of fact or law, fault, liability, or damages by any party.

D.  With the exception of this Paragraph VIII, this Consent Decree shall be inadmissible in any proceeding except where deems it necessary to defend against similar litigation. This inadmissibility extends to draft and final documents and other documents exchanged in the negotiation and implementation of settlement.

E.  The agreed modifications to the Hotel, to the maximum extent feasible, satisfy all requirements of ADAAG and the ADA as to the physical plant of the Hotel, render the Hotel readily accessible to persons with disabilities who visit the Hotel and remedy any violations of the ADAAG and the ADA by Defendant, as of the date of entry of this Consent Decree.

F.     The Plaintiffs and Defendant have participated in negotiations and have executed this Consent Decree in good faith.

G.     The findings and conclusions within Paragraph VIII of this Consent Decree shall be binding upon all parties to this proceeding.

## IX. WRITTEN NOTICE

Each notice ("Notice") provided for under this Consent Decree must comply with the requirements of this Section. Each Notice shall be in writing and sent by depositing it with a nationally recognized overnight courier service which provides evidence of delivery (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon delivery and the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the received as of the date of rejection or refusal of the Notice. Any party shall have the right from time to time to change the address or individual's attention to which Notices to it shall be sent by giving to the other party at least ten (10) days prior Notice thereof. The parties' addresses for providing Notices hereunder shall be as follows:

To Plaintiffs:

Lawrence A. Fuller, Esquire
Fuller, Fuller & Associates, P. A.
1200 Biscayne Blvd., Suite 609
North Miami, FL 33181
Telephone 305-891-5199
Fax: 305-893-9505
Lfuller@fullerfuller.com


Sabrina Winters, Attorney
Sabrina Winters, Attorney at Law, PLLC
15720 John J. Delaney Drive, Suite 300
Charlotte, NC 28277
Telephone 704-891-5199
Fax: 704-973-0773
Swinters@SabrinaWintersLaw.com

To Defendant

Hugo A. Pearce, III
NC State Bar #5786
Burris, MacMillan, Pearce & Burris, PLLC
6857 Fairview Road, Suite 100
Charlotte, North Carolina 28210
Telephone: (704) 365-2600
Fax number (704) 364-2637
hpearce@bmpblaw.com

     Upon entry by the court, this Consent Decree will be a final judgment of the court within the meaning of Fed. R. Civ. P. 54(b). The Complaint, as to Defendant, shall be dismissed with prejudice.

     **IN WITNESS WHEREOF**, the Plaintiff and Defendant have confirmed their consent to this Decree. The Court will retain jurisdiction to enforce this Consent Decree.

JUDGMENT IS HEREBY ORDERED in accordance with the foregoing Consent Decree.
DONE AND ORDERED at Charlotte, NC, this ~~14th~~ 16th day of April, 2009.

_____
United States District Judge

WE ASK FOR THIS:

| | |
|---|---|
| Lawrence A. Fuller, Esquire | Hugo A. Pearce, III |
| Fuller, Fuller & Associates, P. A. | Burris, MacMillan, Pearce & Burris |
| 1200 Biscayne Blvd., Suite 609 | 6857 Fairview Road, Suite 100 |
| North Miami, FL 33181 | Charlotte, NC 28210 |
| Telephone 305-891-5199 | Telephone 704-365-2600 |
| Fax: 305-893-9505 | Fax: 704-364-2637 |
| | |
| By /s/ Lawrence A. Fuller | By: /s/ Hugo A. Pearce, III |
| Lawrence A. Fuller | Hugo A. Pearce, III |